UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TERESE MARQUARDT,
              Plaintiff,

v.                            Case No. 24-CV-1031

AMERICAN CUSTOM METAL
FABRICATING, INC.,
              Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

Before the court is plaintiff Terese Marquardt's Motion to Compel Discovery and for Discovery Sanctions and an Extension of Time. (ECF No. 19.) Marquardt asks the court to overrule defendant American Custom Metal Fabricating, Inc.'s objections and compel responses to Marquardt's Interrogatory No. 11 and Requests for Production Nos. 7 and 12. (ECF No. 19 at 8–11.) She further requests an extension of time to move for conditional certification and a tolling of the statute of limitations for similarly situated individuals. (ECF No. 19 at 9–14.)

Motions to compel are governed by Rule 37, Fed. R. Civ. P., and Rule 37, Civ. L.R. (E.D. Wis.). Both require that the movant include a certification that the movant has conferred in good faith with the nonmovant in an attempt to resolve the issue before requesting court action. Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with

the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); Civ. L.R. 37 ("All motions to compel disclosure or discovery pursuant to Fed. R. Civ. P. 26 through 37 must be accompanied by a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord."). Further, "[t]he statement must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences." Civ. L.R. 37.

Marquardt's motion fails to include a compliant certification and is therefore legally deficient. *See Woods v. Dimensions Living Cudahy, LLC*, No. 25-CV-378-JPS, 2025 WL 2589745 (E.D. Wis. Aug. 25, 2025). The Declaration of David M. Potteiger states "Plaintiff has attempted to resolve the discovery disputes with Defendant's counsel in good faith and without court action, Defendant has persisted in its refusal to produce responsive documents." (ECF No. 21 ¶ 13.) However, this is insufficient, as the statement fails to include the recitation of details required under Civil Local Rule 37. Instead, the court is left to determine what interaction between the parties constituted the good faith conference of the parties by its own examination of the record and arguments provided in the parties' briefs. The briefs point to a series of meetings and communications between the counsel that each resulted in their own compromises and incremental progress in discovery. (*See* ECF No. 20 at 2–5; ECF No. 23 at 2–5.)  Yet the court is still left uncertain at which point the parties engaged in

a final conference on the matters that are the subject of this motion and reached an impasse that required court involvement.

Marquardt's motion to compel will be DENIED without prejudice for failure to comply with the procedural requirements governing motions to compel. *See Woods*, 2025 WL 2589745, at *1–2; *Johnson v. Leberak*, No. 24-CV-149-JPS, 2025 U.S. Dist. LEXIS 96658, at *5 (E.D. Wis. May 21, 2025). Marquardt may renew the motion with a compliant certification *after* counsel have had another opportunity to confer. The court urges the parties to be assiduous in documenting the substance and form of any further conferences to provide a clear picture of the merits of any further discovery disputes that may emerge.

Marquardt's motion goes on to request that the court extend the time for her to move for conditional certification and to toll the statute of limitations for any similarly situated employees. (ECF No. 20 at 12.) American Custom does not object to the request for an extension of time (ECF No. 23 at 14) and the extension will therefore be GRANTED. On April 24, 2025, the parties jointly moved for a four-month extension of time to file any motion for conditional certification. (ECF No. 17.) This motion was necessary to provide adequate time for the American Custom to respond to Marquardt's discovery requests and allow Marquardt to file a motion for conditional certification. (ECF No. 20 at 4.) As this timeframe was sufficient in April, in the midst of the discovery dispute, the court deems it sufficient now. The deadline for Marquardt to file any motion for conditional certification is extended until January 29, 2026.

3

American Custom does object to the tolling of the statute of limitations for similarly situated persons. *Id.* It argues that tolling is an "an extraordinary remedy that is rarely granted" and that Marquardt has failed to make a showing that she is entitled to this exceptional remedy. (ECF No. 23 at 14 (quoting *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016)).) Subsequent to American Custom's filing of its response brief, the Seventh Circuit published its opinion in *Richards v. Eli Lilly & Co.*, wherein it provided new guidance for the procedure in Fair Labor Standards Act suits, No. 24-2574, 2025 LX 305871 (7th Cir. Aug. 5, 2025). The decision acknowledges a tension in the process of FLSA cases: on the one hand, courts should be deliberative in issuing notice to ensure collectives are not overinclusive, and on the other, expeditious to avoid time running out on meritorious claims. *See id.* at *7–9. Putative opt-in plaintiffs receive notice of the case only after the court conditionally certifies the action and approves notice. All the while, the statute of limitations clock is ticking down and stops only once an individual files notice to opt-in. Thus, lengthy pre-conditional certification discovery risks running out the clock on the opt-in plaintiffs' claims. *Id.* In the interest of balancing these two considerations, *Richards* provides the following guidance:

> [D]istrict courts should decide as soon as practicable whether notice is appropriate and are empowered to use their equitable tolling authority to ensure that plaintiffs are not unfairly disadvantaged by any delays in discovery. See *Clark*, 68 F.4th at 1014 (Bush, J., concurring) ("Equitable considerations support the use of tolling for FLSA collective actions."). Indeed, the equitable tolling of FLSA claims is already a familiar practice in our circuit, see, e.g., *Iannotti*, 603 F. Supp. 3d at 657; *Koch v. Jerry W. Bailey Trucking, Inc.*, 482 F. Supp. 3d 784, 799 (N.D. Ind. 2020), and that is a fair and appropriate measure, especially while disputes about notice are being resolved.

4

*Id.* at \*5 (emphasis added).

The discovery dispute between the parties places any potential plaintiffs at risk of losing part or all of any claim. In light of *Richards*, the plaintiff's request that the court toll the statute of limitations for any putative collective members will be GRANTED. The court's intent is to safeguard the interests of any potential opt-ins and place them in the same position they would have been absent the discovery dispute between the parties. Therefore, the statute of limitations for any FLSA claims available to similarly situated persons not already barred by the statute of limitations by July 9, 2025, (the date plaintiff filed her motion) is tolled until January 29, 2026.

**IT IS THEREFORE ORDERED** that plaintiff Terese Marquardt's Motion to Compel Discovery and for Discovery Sanctions and an Extension of Time (ECF No. 19) is GRANTED IN PART and DENIED IN PART. The request to compel discovery is DENIED without prejudice. The request that the court extend the time for Marquardt to move for conditional certification and toll of the statute of limitations for similarly situated individuals is GRANTED. The deadline for Marquardt to file any motion for conditional certification is extended until January 29, 2026. The statute of limitations for any FLSA claims available to similarly situated persons not already barred by the statute of limitations by July 9, 2025, (the date plaintiff filed her motion) is tolled until January 29, 2026.

Dated at Green Bay, Wisconsin this 30th day of September, 2025.

*s/ Byron B. Conway*  
BYRON B. CONWAY  
United States District Judge