**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**TERESE MARQUARDT,**
***on behalf of herself and***
***all others similarly situated*,**

**Plaintiff,**

**v.** **Case No. 24-CV-1031**

**AMERICAN CUSTOM METAL FABRICATING, INC.,**

**Defendant.**

---

# ORDER

---

Before the court are the parties' stipulation for class certification (ECF No. 43) and joint motion for preliminary settlement approval (ECF No. 44). The parties agree that the court may certify a class comprised of "all hourly-paid, non-exempt employees who worked for Defendant at any time between August 14, 2021 and May 30, 2025." (ECF No. 44 at 1.)

The parties propose a gross settlement amount of $105,000. Of this sum, $41,000 will go to class counsel and $5,000 to the class representative as a service award. The net settlement for the 294 class members is $59,000, which works out to an average of about $200 per class member.

Counsel state that they calculated the defendant's "maximum potential exposure" to be $164,252.68. (ECF No. 45 at 5-6.) As the court understands counsel's

statement, this sum represents the total liability in terms of allegedly unpaid wages; it does not include attorney fees. Thus, the best-case scenario recovery for each class member would be about $559. The proposed settlement affords the class members a recovery of only 36 percent of the wages plaintiff's counsel asserts they are entitled to.

Counsel's explanation for the appropriateness of the service award is that judges in this district have approved greater service awards in similar actions. (ECF No. 45 at 20.) As the court explained at length in *Hoppe v. R.R. Donnelley & Sons Co.*, --- F. Supp. 3d. ---, No. 25-CV-839, 2026 LX 350080, 2026 WL 1898730 (E.D. Wis. June 30, 2026), this is an insufficient basis for any service award. *Id.* 2026 U.S. Dist. LEXIS 146778, at *12-14. A service award is not a bounty or a finder's fee but rather compensation for the time, effort, costs, risks, or burdens that a representative plaintiff undertakes on behalf of the class. *Id.* at *13. "[S]ervice must be at the heart of any service award. Any request for a service award must be supported by specific details as to the service that the collective representative provided the collective." *Id.* at *17. The court rejects the notion that there is any standard or baseline service award.

In the absence of specific details as to what the class representative did that merits her receiving a share of the settlement that is 25 times greater than the average class member, the court cannot approve the proposed settlement. Accordingly,

**IT IS THEREFORE ORDERED** that the parties' Joint Motion for Preliminary Settlement Approval (ECF No. 44) is **DENIED**.

Dated at Green Bay, Wisconsin this 27th day of July, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge